FILED
2018 Aug-07 PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ASIA BELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| **THE CHILDREN'S HOSPITAL OF ALABAMA** | ) | **JURY DEMANDED** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW Plaintiff, Asia Bell ("Plaintiff" or "Bell"), by and through her undersigned counsel of record, and files this Complaint against Defendant, The Children's Hospital of Alabama ("Defendant"). As grounds for this Complaint, Plaintiff states the following:

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4).

2. The unlawful employment practices described herein were committed in Birmingham, Alabama. Birmingham is located in Jefferson County, Alabama, and, accordingly, venue lies in the United States District Court for the Northern District of Alabama, Southern Division pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff is a citizen of the United States of America, over the age of nineteen (19) years, and a resident of the State of Alabama, who is entitled to protection pursuant to Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e et seq., as amended by the "Pregnancy Discrimination Act of 1978" ("Title VII").

4. Plaintiff was, at all times relevant, an "employee" of Defendant within the meaning of 42 U.S.C. § 2000e(f).

5. Defendant is a domestic, non-profit corporation, functioning within the State of Alabama.

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and was, at all times relevant, Plaintiff's employer.

## ADMINISTRATIVE REMEDIES

7. Plaintiff filed two (2) Charges of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against Defendant.

8. Charge number 420-2017-02639 (the "First Charge") was filed on August 2, 2017. (Attached hereto as "**Exhibit A**").

9. Plaintiff alleged discrimination based on sex (female) and pregnancy.

10. Charge number 420-2018-00813 (the "Second Charge") was filed on December 20, 2017. (Attached hereto as "**Exhibit B**").

11. Plaintiff alleged discrimination based on sex (female), pregnancy, and retaliation.

12. Plaintiff received the Right to Sue for the Second Charge on May 7, 2018. (Attached hereto as "**Exhibit C**").

13. Plaintiff received the Right to Sue for the First Charge on May 24, 2018. (Attached hereto as "**Exhibit D**").

14. Plaintiff has now filed her Complaint within ninety (90) days of her receipt of the First and Second Right to Sue and has, therefore, exhausted all administrative remedies with respect to the First and Second Charge before filing her claims with this Court.

## FACTS

15. Plaintiff re-alleges and incorporates paragraphs one (1) through fourteen (14) as if fully set forth herein.

16. On or about December 12, 2016, Defendant hired Bell as a Sterile Processing Equipment Technician.

17. Bell worked as a full-time employee for Defendant.

18. In addition to pecuniary compensation, Bell received heath insurance benefits through Defendant.

19. At all times relevant to this Complaint, Bell was qualified to perform her job duties as a Sterile Processing Equipment Technician, with temporary light duty for certain assignments.

20. Most of the duties assigned to Bell did not require lifting more than ten (10) pounds.

21. Bell's supervisor was Charles Hathecoat ("Hathecoat"), Director of Sterile Processing.

22. On or about May 24, 2017, Bell informed Defendant of her pregnancy.

23. On or about May 24, 2017, Bell submitted a letter to Hathecoat from Dr. Tomeka Roberts ("Dr. Roberts"), Obstetrics and Gynecology, Brookwood Medical Center, informing Defendant of her pregnancy and a ten (10) pound weight lifting restriction.

24. On or about June 6, 2017, Bell was called into a meeting with Hathecoat and Human Resources ("HR").

25. HR inquired how long Bell's restriction would continue.

26. Bell informed HR that the restriction would be for the entirety of her pregnancy.

27. HR informed Bell that they, allegedly, could not accommodate her for the entirety of her pregnancy.

28. Bell was subsequently told, "Once you finish your assignment, clock out and go home. From now on, don't come in like you would normally do, call in first to see if there are any assignments for you to do that day."

29. However, Night Supervisor, Frank Phillips, told Bell, "I can find you something to do, whether it is small or big to accommodate you."

30. Bell's last day of work with Defendant was June 6, 2017.

31. Following her last day of work, Bell contacted The Hartford regarding short and long-term disability as instructed.

32. On or about June 8, 2017, Bell submitted a letter from Dr. Roberts, which verified the weight lifting restriction would be for the entirety of her pregnancy.

33. On or about June 12, 2017, HR Consultant Paula Preston ("Preston") informed Bell of an Information Desk Clerk position.

34. However, the position was only twelve (12) hours part-time and offered none of the benefits Bell's full-time position provided.

35. Importantly, the part-time position would not provide health insurance.

36. Additionally, the position was not an "automatic move" and Bell would be required to interview with all other applicants.

37. On or about August 1, 2017, Preston asked Bell if Dr. Roberts had changed her restriction and "if she could up the weight restrictions."

38. Preston further informed Bell there were no other positions available that she could perform with her restriction.

39. As instructed, Bell called in every day, approximately one (1) hour before the start of her shift, to inquire regarding assignments.

40. Defendant never provided Bell any work tasks.

41. Bell filed her First Charge of Discrimination on August 2, 2017, alleging discrimination based on sex (female), pregnancy, and retaliation.

42. Defendant received the Notice of Charge for Bell's First Charge on or about August 11, 2017,

43. On or about September 7, 2017, twenty-seven (27) days after Defendant was notified of Bell's First Charge, Bell received a letter from Mercedes Hawkins, HR Leave Management Coordinator, terminating her employment.

**COUNT I**
**SEX DISCRIMINATION**

44. Bell is a female.

45. At all times relevant to this Complaint, Bell was qualified to perform her job duties as a Sterile Processing Equipment Technician, with temporary light duty for certain assignments.

46. Most of the duties assigned to Bell did not require lifting more than ten (10) pounds.

47. On or about May 24, 2017, Bell informed Defendant of her pregnancy and ten (10) pound weight lifting restriction.

48. Defendant informed Bell that they, allegedly, could not accommodate her for the entirety of her pregnancy.

49. Defendant terminated Bell's employment on or about September 7, 2017.

50. Defendant's termination of Bell's employment was motivated by her sex (female).

51. As a result of Defendant's conduct, Bell was deprived of income, and subjected to mental, emotional, and physical distress, pain, and suffering.

## COUNT II
## PREGNANCY DISCRIMINATION

52. Bell became pregnant during her employment with Defendant.

53. At all times relevant to this Complaint, Bell was qualified to perform her job duties as a Sterile Processing Equipment Technician, with temporary light duty for certain assignments.

54. Most of the duties assigned to Bell did not require lifting more than ten (10) pounds.

55. Defendant was made aware of Bell's pregnancy and ten (10) pound weight lifting restriction on or about May 24, 2017.

56. Defendant informed Bell that they, allegedly, could not accommodate her for the entirety of her pregnancy.

57. Following notification of the restriction and its duration, Defendant told Bell, "Once you finish your assignment, clock out and go home. From now on, don't come in like you would normally do, call in first to see if there are any assignments for you to do that day."

58. Defendant terminated Bell's employment on or about September 7, 2017.

59. Defendant's termination of Bell's employment was motivated by her pregnancy.

60. As a result of Defendant's conduct, Bell was deprived of income, and subjected to mental, emotional, and physical distress, pain, and suffering.

**COUNT III**
**RETALIATION IN VIOLATION OF TITLE VII**

61. Bell exercised a protected right under Title VII by filing the First Charge against Defendant on August 2, 2017.

62. On or about August 11, 2017, Defendant received the Notice of Charge for Bell's First Charge.

63. On or about September 7, 2017, only twenty-seven (27) days after receipt of the Notice of Charge, Defendant terminated Bell's employment.

64. Defendant terminated Bell's employment because she filed the First Charge.

65. As a result of Defendant's conduct, Bell was deprived of income, and subjected to mental, emotional, and physical distress, pain, and suffering.

**WHEREFORE**, Plaintiff respectfully requests this Court grant to Plaintiff the following:

A. A permanent injunction enjoining Defendant, The Children's Hospital of Alabama, its officers, successors, assigns and all persons in active concert or participation with it, from engaging further in its discriminatory treatment of female employees on the basis of sex and pregnancy;

B. An Order that Defendant, The Children's Hospital of Alabama, institute and carry out policies, practices, and programs which provide equal provisions and employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices, including implementing a substantive policy against sex and pregnancy discrimination and retaliation in the work place;

C. Damages for mental and emotional distress in an amount determined by a jury;

D. Back pay for lost income and any other compensatory damages;

E. Reinstatement;

F. Punitive damages in an amount to be determined by a jury;

G. A reasonable attorneys' fee;

H. Plaintiff's costs and expenses;

I. Interest on all monies owed; and

J. Any other relief the Court deems just and appropriate.

Respectfully submitted this 6th day of August 2018.

Anthony D. Michel (ASB-6809-064M)
Joshua A. Wrady (ASB-9617-J68W)
*Attorneys for Plaintiff*

**WRADY & MICHEL, LLC**
505 20th Street North, Suite 1650
Birmingham, AL 35203
P: (205) 980-5700
F: (205) 994-2819
Anthony@wmalabamalaw.com
Joshua@wmalabamalaw.com

**JURY DEMAND**

Plaintiff demands a trial by struck jury.

Respectfully submitted,

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

The Children's Hospital of Alabama
c/o WM M Warren, Jr., Registered Agent
1600 Seventh Avenue South
Birmingham, Alabama 35233